UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DALE SAVARD,

    Plaintiff,

vs.                                Case No. 3:05-cv-1203-J-HTS

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,

    Defendant.
_____

**O R D E R**[1]

This cause is before the Court on the Motion for Entry of Judgment with Remand (Doc. #11; Motion), filed on August 14, 2006. No response thereto has been filed pursuant to Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida. Defendant requests that the case be remanded

> [t]o allow an Administrative Law Judge to reevaluate Plaintiff's subjective complaints in accordance with the rulings and regulations and assess Plaintiff's maximum residual functional capacity (RFC) prior to her date last insured (DLI), utilizing a medical expert to assist in a longitudinal overview of Plaintiff's impairments to determine if onset may be inferred prior to her DLI; obtain vocational expert testimony as to whether a substantial number of jobs existed in the national economy that Plaintiff could perform within the established RFC prior to her DLI; and weigh the opinions of Drs. Horn and Deshmukh to the extent that these opinions reflect Plaintiff's RFC prior to her DLI.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #10), entered on June 30, 2006.

Motion at 1.  The Commissioner asserts the case should "be reversed and remanded under sentence four of 42 U.S.C. § 405(g) (dealing with judicial review of benefit determinations)[.]"  *Id.* at 2. Plaintiff has filed nothing to indicate he objects to the Motion, and such a disposition is clearly within the Court's authority. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Accordingly, the Motion (Doc. #11) is **GRANTED**, and the Clerk of the Court is directed to enter judgment **REVERSING AND REMANDING** this case pursuant to sentence four of 42 U.S.C. § 405(g) with instructions for the Commissioner

> [t]o allow an Administrative Law Judge to reevaluate Plaintiff's subjective complaints in accordance with the rulings and regulations and assess Plaintiff's maximum residual functional capacity (RFC) prior to her date last insured (DLI), utilizing a medical expert to assist in a longitudinal overview of Plaintiff's impairments to determine if onset may be inferred prior to her [date last insured]; obtain vocational expert testimony as to whether a substantial number of jobs existed in the national economy that Plaintiff could perform within the established [residual functional capacity] prior to her [date last insured]; and weigh the opinions of Drs. Horn and Deshmukh to the extent that these opinions reflect Plaintiff's [residual functional capacity] prior to her [date last insured].

Motion at 1.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of September, 2006.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any